UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL ANDREW SCUTERI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00251-JPH-MKK |
| | ) | |
| TRICIA PRETORIUS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Michael Andrew Scuteri filed an Amended Petition under 28 U.S.C. § 2254. Dkt. 6. The respondent moved to dismiss the petition, arguing that the Court lacks jurisdiction to grant relief for Mr. Scuteri's claims involving the conditions of his confinement. Dkt. [10]. For the reasons below, the motion to dismiss is granted and Mr. Scuteri's Amended Petition, dkt. 6, is dismissed without prejudice for lack of jurisdiction.

### I.     Discussion

On August 4, 2021, Mr. Scuteri pleaded guilty in Indiana Case No. 86C01-2105-F4-000040 (Case No. 40),[1] to arson, burglary, resisting law enforcement, and invasion of privacy. Dkt. 10-2. On August 23, 2021, the trial court sentenced Mr. Scuteri to 12 years' incarceration. Dkt. 10-1 at 7–8.

On May 29, 2025, Mr. Scuteri brought this case by filing an "Emergency Medical Habeas Petition," invoking 28 U.S.C. § 2254. Dkt. 1. On July 3, 2025,

---

[1] The Court takes judicial notice of the state-court docket (available at mycase.in.gov).

1

he filed an Amended Petition. Dkt. 6. The Amended Petition alleges that Mr. Scuteri is being denied medical treatment in violation of the Eighth Amendment. *Id.* at 4–10. Mr. Scuteri requests that the Court either (1) vacate his state sentence so he can seek medical care; (2) commute his sentence to Community Corrections so he can seek medical care; or (3) send him to the Minnesota Department of Corrections for treatment under the Interstate Correctional Compact, Ind. Code § 11-8-4-1. *Id.*

An inmate cannot challenge the conditions of his or her confinement through 28 U.S.C. § 2254. *Hill v. McDonough*, 547 U.S. 573, 579 (2006). "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, *as amended*, 42 U.S.C. § 1983." *Id.* "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Id.* (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.* (citing *Muhammad*, 540 U.S. at 750). *See also Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (explaining, "[i]f an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.").

2

Here, in response to the Motion to Dismiss, Mr. Scuteri made allegations concerning his underlying state-court judgment alongside his claims concerning his conditions of confinement. Dkt. 11 at 1-21 (alleging ineffective assistance of counsel but then arguing that "this writ of habeas corpus is for an emergency medical reason"). He did not, however, seek leave to file a Second Amended Petition as required by Federal Rule of Civil Procedure 15 to allege claims that solely concern the legality of his conviction and sentence. *Id.* Instead, he filed a surreply clarifying that "This case IS ONLY ABOUT MEDICAL TREATMENT, MENTAL HEALTH TREATMENT, AND CLASSIFICATION ISSUES" and that "THIS WHOLE ENTIRE PROCEEDING HAS NOTHING TO DO WITH MY CRIMINAL CONVICTION." Dkt. 13 at 1.

Mr. Scuteri cannot combine claims related to his conditions of confinement with claims concerning the legality of his conviction and sentence in a habeas petition under 28 U.S.C. § 2254. *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) ("[W]e'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). This action also cannot be converted to a § 1983 action as Mr. Scuteri has a pending § 1983 action for claims that duplicate his conditions-of-confinement claims alleged in the Amended Petition.[2] Moreover, the Seventh Circuit has instructed district courts "not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent"

---

[2] Mr. Scuteri has filed a separate action under 42 U.S.C. § 1983 in which he makes claims regarding his medical treatment. *See Scuteri v. Perez*, 2:23-cv-00103-MJD-JMS.

because "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Robinson*, 631 F.3d at 841.

If Mr. Scuteri wishes to challenge the constitutionality of his conviction and sentence, he must do so separately in a properly filed and timely petition under 28 U.S.C. 2254 after having properly exhausted his state remedies.[3] Accordingly, this action is dismissed without prejudice. Final judgment shall issue by separate entry.

## II.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Under Section 2254 and Habeas Corpus Rule 11, this Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2)

---

[3] Mr. Scuteri previously filed a habeas petition challenging the convictions in Case No. 40. *See Scuteri v. Pretorious*, 2:25-cv-00536-JPH-MG. In that case, the Court twice ordered Mr. Scuteri to show cause why that action should not be dismissed as either duplicative of this action or because the claims contained in that petition were not exhausted, but Mr. Scuteri failed to respond to the orders to show cause, and that action was dismissed without prejudice. *Id.* at dkt. 8.

4

whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis to conclude jurists of reason would debate the correctness of this Court's procedural rulings.

### III.    Conclusion

The respondent's Motion to Dismiss the Amended Petition is **granted**. Dkt. [10]. The Amended Petition for a Writ of Habeas Corpus, dkt. 6, is **dismissed without prejudice** for lack of jurisdiction.

A certificate of appealability is denied. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 7/14/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL ANDREW SCUTERI
286882
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov